UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 13-2919(DSD/JSM)

Matthew Jaakola and
Kristin Jaakola,

       Plaintiffs.

v.                                              **ORDER TO VACATE**

The Bank of New York Mellon,
f/k/a The Bank of New York
as Trustee for Certificate
Holders of CWMBS, Inc., CHL
Mortgage Pass Through Trust
2006-HYB-2 Mortgage Pass
Through Certificates, Series
2006-HYB2, et al.,

       Defendants.

    This matter is before the court upon the objections by pro se plaintiffs[1] Matthew and Kristin Jaakola (the Jaakolas) to the July 24, 2014, report and recommendation of Magistrate Judge Janie S. Mayeron.  After a de novo review, and based on the file, record, and proceedings herein, the court overrules the objections and adopts the report and recommendation.

**BACKGROUND**

    This mortgage dispute arises out of the foreclosure on property previously owned by the Jaakolas (Property).  The

---

[1] At the start of this action, plaintiffs were represented by William B. Butler.  On January 14, 2014, Butler was suspended from the practice of law in the District of Minnesota.  See In re Butler, No. 13-mc-49 (D. Minn. Jan. 14, 2014).

background of this case is fully set forth in the magistrate judge's report and recommendation, and the court recites only those facts necessary to resolve the present objections.  The Jaakolas acquired the Property through two quit claim deeds.  Compl. ¶ 2. Prior to the transfer, the former owner entered into a note and mortgage (Mortgage) with American Brokers Conduit (ABC).  Mortgage Electronic Registration System, Inc. (MERS) was named as the nominee for ABC.  Id. ¶ 5.  The Mortgage was then securitized into a mortgage-backed security trust with a closing date of February 8, 2006 (Trust).  Id. ¶¶ 7, 12.

   Pursuant to the Trust's Pooling and Servicing Agreement (PSA), the parties to the securitization process were required to deliver to the Trust all documents establishing a chain of title, including any executed assignment of mortgage, to the Bank of New York as Trustee (BONYM).  Id. ¶ 8.  On July 16, 2010, an Assignment of Mortgage was executed from MERS to BONYM.  Id. ¶ 24.  BONYM later foreclosed on the property, and a sheriff's sale was held on July 18, 2011.  Id. ¶ 26.  Following the sale, the Jaakolas brought a quiet title action in Anoka County District Court.  In addition, the Jaakolas alleged slander of title and sought declaratory relief regarding BONYM's interest in the Property.  Defendants removed and moved to dismiss.  On July 24, 2014, the magistrate judge recommended that the court grant defendants' motion and dismiss the

action with prejudice.  The Jaakolas timely objected to the report and recommendation.[2]

**DISCUSSION**

The court reviews the report and recommendation of the magistrate judge de novo.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b).  The Jaakolas first argue that the magistrate judge erred by applying federal, rather than state, pleading standards to dismiss their quiet title claim.  The court applies "federal pleading standards - Rules 8 and 12(b)(6) - to the state substantive law to determine if a complaint makes out a claim under state law." Karnatcheva v. J.P. Morgan Chase Bank, N.A., 704 F.3d 545, 548 (8th Cir. 2013); see also Vang v. PNC Mortg., Inc., No. 12-2501, 517 Fed. Appx. 523, 527 (8th Cir. May 22, 2013)(noting Minnesota's quiet title statute "establishes only the *elements* of a quiet title claim and not the *manner* in which those elements must be pleaded").

Under Minnesota's quiet title statute, "[a]ny person in possession of real property personally ... may bring an action against another who claims an estate or interest therein, or a lien

---

[2] On August 14, 2014, the Jaakolas separately filed a Request for Judicial Notice under Minnesota Rule of Evidence 201.  ECF No. 22.  This request is similar to one previously filed by the Jaakolas' former counsel and asks the court to take judicial notice of many of the facts alleged in the complaint.  ECF No. 17.  Because the court dismisses this action with prejudice, it does not consider the request.

3

thereon, adverse to the person bringing the action ...." Minn. Stat. § 559.01. The court finds that the complaint contains only mere allegations and conclusory statements regarding the Jaakolas' possession of the property and the invalidity of any adverse claim. See Montero v. Bank of Am., N.A., No. 13-cv-850, 2014 WL 562506, at *4 (D. Minn. Feb. 13, 2014)(noting that such unsupported statements are "precisely of the nature rejected by the Eighth Circuit"). Thus, the Jaakolas' objection is without merit.

The Jaakolas next argue that the Assignment from MERS to BONYM is void because it occurred five years after the closing date of the Trust. This objection is also meritless. As noted by the magistrate judge, courts often enforce PSAs that, like here, do not require assignments to be prepared or delivered to the trust if MERS is the named nominee and is listed as the mortgagee. See, e.g., Wolff v. Bank of New York Mellon, 997 F. Supp. 2d 964, 973 n.4 (D. Minn. 2014)(citing cases). Moreover, even if delivery was required under the terms of the PSA, the delivery date is "not relevant to the validity of [BONYM's] interest under the Minnesota Recording Act." Anderson v. Countrywide Home Loans, No. 10-2685, 2011 WL 1627945, at *4 (D. Minn. Apr. 8, 2011).

Finally, the Jaakolas object to the magistrate judge's interpretation of New York law in determining that the Assignment was not void even though it occurred after the closing date of the Trust. The Jaakolas point to a single unpublished case, which held

that a post-close delivery in violation of a similar PSA was void. See Wells Fargo v. Erobobo, No. 31648, 2013 WL 1831799 (N.Y. Sup. Ct. Apr. 29, 2013). The magistrate judge properly observed that the holding and reasoning in Erobobo is widely rejected. See, e.g., Anh Nguyet Tran v. Bank of New York, No. 13-580, 2014 WL 1225575, at *4-5 (S.D.N.Y. Mar. 24, 2014); Butler v. Deutsche Bank Trust Co. Am., 748 F.3d 28, 37 n.8 (1st Cir. 2014); Felder v. Countrywide Home Loans, Civ. No. H-13-0282, 2013 WL 6805843, at *19 n.170 (S.D. Tex. Dec. 20, 2013). As a result, the Jaakolas' objections are overruled.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. Plaintiffs' objections [ECF No. 21] to the magistrate judge's report and recommendation are overruled;

2. The magistrate judge's report and recommendation [ECF No. 19] is adopted in its entirety; and

3. Plaintiffs' complaint [ECF No. 1-1] is dismissed with prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

Dated:  September 29, 2014

                                              s/David S. Doty
                                              David S. Doty, Judge
                                              United States District Court